[Civ. No. 18843. Second Dist., Div. Three. June 13, 1952.]

JOHN WIGHT, Appellant, v. MABEL L. HUBBARD et al.,
Defendants; MAURICE GORDON, Respondent.

A. J. Blackman and Jacob Chaitkin for Appellant.

Maurice Gordon, in pro. per., for Respondent.

SHINN, P. J.—This is an action for damages for fraud
against defendants Mabel L. Hubbard, Kathleen B. Wirick
and Paul C. Wirick, Jessie Northrup and Maurice Gordon.
Defendant Gordon demurred to the amended complaint;
the demurrer was sustained without leave to amend, the
action was dismissed and plaintiff appeals.

The claim of damages arises out of complicated transactions dating back to March, 1942. The allegations of the complaint may be summarized as follows: In March of 1942 plaintiff was in possession of the Sherlandy Apartments in Los Angeles under a contract of purchase from defendants Hubbard and Wirick. The property was subject to an encumbrance of about $45,000 and another one of about $6,000, the two payable at the rate of $800 per month; plaintiff had paid approximately $37,000 on account of the purchase price, including a note and mortgage on land in Montana in the sum of $10,000 which he had given to defendants Hubbard and Wirick; in March, 1942, he entered into an agreement with defendant Northrup to trade his interest in the Sherlandy Apartments for Mrs. Northrup's apartment house, which also was encumbered. Mrs. Northrup was to obtain a new loan of at least $50,000 on the Sherlandy, payable at $725 per month; Mrs. Northrup advised plaintiff she was unable to get the new loan; defendants Hubbard and the Wiricks induced plaintiff to cancel his agreement of purchase and surrender possession in consideration of an option to repurchase the property at a reduced price within 90 days; plaintiff was also to pay for necessary improvements and other obligations relating to the property; they represented they would be able to procure the desired new loan; during the 90-day period they put a new roof on the apartment house, installed refrigeration and made other expensive but unnecessary improvements and repairs; they did not apply for a loan; at the end of the 90-day period they demanded payment for the repairs and improvements and upon plaintiff's failure to pay declared the option terminated; their representations were false and fraudulent, and their promises were made without intention to perform them. During the 90-day period defendant Northrup represented that she would consummate the exchange provided plaintiff would pay certain taxes and other charges against the Sherlandy Apartments; she had previously advanced plaintiff $2,500 and upon her representation that she would make the exchange as evidence of the loan, plaintiff gave her his note for $2,500; her representations were false and fraudulent; she had no intention of consummating the exchange and knew that she could not for the reason that defendants Hubbard and the Wiricks had failed to obtain the loan; plaintiff relied upon the representations of Mrs. Northrup and paid out sums amounting to $3,265 including the $2,500 Mrs. Northrup had advanced

him; Mrs. Northrup failed to consummate the exchange; defendants Hubbard and the Wiricks foreclosed the $10,000 mortgage on plaintiff's property and thereby acquired the same; they have refused to restore possession of the Sherlandy Apartments to plaintiff or to return any money to him. It was further alleged that Mrs. Northrup, through her attorney, Maurice Gordon, obtained a default judgment against plaintiff on the $2,500 note and through execution sale acquired title to another apartment house worth not less than $18,000, subject only to an encumbrance of $6,500. Plaintiff did not know until about one year prior to the institution of the action that "the two sets of defendants [one set evidently being defendants Hubbard and the Wiricks and the other Mrs. Northrup and Gordon] had acted in concert or pursuant to a common scheme or design to ruin plaintiff financially and take over his equities," etc. It was alleged that within the year last past he first discovered that all the defendants were in a conspiracy to defraud him when certain tenants of the Sherlandy Apartments told him they had overheard the defendants state "on concert they intended to 'take plaintiff to a cleaning' and they knew exactly how to do it." The complaint prayed for damages in the sum of $74,000 actual and $25,000 exemplary damages.

It was not alleged that Mr. Gordon had anything to do with the various transactions except "that in committing the fraudulent acts hereinabove described, Defendant Northrup was counselled and guided by her attorney, Defendant Gordon." Mr. Gordon acted as Mrs. Northrup's attorney in her action on the $2,500 note and the execution sale that followed (the history of this litigation will be found in *Beadle* v. *Northrup*, 90 Cal.App.2d 510 [203 P.2d 552]; *Northrup* v. *Security Title Ins. & Guar. Co.*, 90 Cal.App.2d 519 [203 P.2d 557]; and *Gerry* v. *Northrup*, 102 Cal.App.2d 449 [227 P.2d 857]). As far as we can determine from the complaint there was no connection whatever between the suit on the note and the execution sale, and the transactions in which plaintiff lost his interest in the Sherlandy Apartments to defendants Hubbard and Wirick. ■ It was alleged that "the defendants" conspired to cheat and defraud plaintiff of his interest in the Sherlandy Apartments and other properties but other allegations of the complaint sufficiently show that the allegation refers to the defendants other than defendant Gordon. No facts were alleged which even remotely

charged bad faith on his part. No cause of action was stated against this defendant.

█ The complaint was filed November 28, 1950, some eight years after plaintiff lost his interest in the Sherlandy Apartments. No facts were alleged which would toll the statute of limitations. Plaintiff did not plead ignorance of the facts which he alleged. He knew defendants had not made good their representations and promises. His only claim of discovery is that certain of the defendants were actuated by fraudulent motives. He alleged that the representations of the defendants were false and that their promises were made without intention to perform them but did not allege ignorance of their falsity throughout the eight-year period.

Under familiar rules his action was barred by the statute of limitations. The allegations with respect to plaintiff's claimed failure to discover facts constituting the alleged fraud and with respect to the claimed discovery of facts were patently insufficient. (See *Mortimer* v. *Loynes*, 74 Cal.App.2d 160, 172 [168 P.2d 481].) This would be a good defense for defendant Gordon even if the complaint stated a cause of action against him. █ It is clear from the affirmative allegations of facts which were at all times known to plaintiff, that plaintiff could not, by amending his complaint, state a good cause of action. (*Findley* v. *Garrett*, 109 Cal. App.2d 166, 179 [240 P.2d 421].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.